# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF TEXAS (HOUSTON)

UNITED STATES OF AMERICA,       .  Case No. 4:24-mj-00212
                                .
            Plaintiff,          .
                                .
     v.                         .
                                .
HEATHER BERGDAHL,               .  515 Rusk Street
                                .  Houston, TX 77002
            Defendant.          .
                                .  Friday, May 10, 2024
. . . . . . . . . . . . . . . . .  2:14 p.m.

                  TRANSCRIPT OF INITIAL APPEARANCE
              BEFORE THE HONORABLE CHRISTINA A. BRYAN
                   UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiff:        United States Attorney's Office
                          By:  KERI L. FULLER, ESQ.
                          1000 Louisiana Street, Suite 2300
                          Houston, TX 77002
                          (713) 567-9000

For the Defendant:        Jones Day
                          By:  ANDREW M. RYNGAERT, ESQ.
                          717 Texas, Suite 3300
                          Houston, TX 77002
                          (832) 239-3939

                          Jones Day
                          By:  JORDAN M. MATTHEWS, ESQ.
                          110 North Wacker Drive, Suite 4800
                          Chicago, IL 60606
                          (312) 782-3939

Audio Operator:           Daniel Berger, ECR

Transcription Company:    Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46048
                          (855) 873-2223
                          www.accesstranscripts.com


     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
1            (Proceedings commence at 2:14 p.m.)
2                 THE COURT:  Hello.  Good afternoon.
3                 MS. MATTHEWS:  Good morning, Your Honor.
4                 THE COURT:  Can you announce your appearances,
5    please.
6                 MS. MATTHEWS:  Yes.  Jordan Matthews and
7    Andrew Ryngaert on behalf of Dr. Bergdahl.
8                 MS. FULLER:  Keri Fuller for the Government.
9                 THE COURT:  All right.  Thank you.
10                All right.  Dr. Bergdahl, do you have a copy of the
11   criminal complaint?
12                THE DEFENDANT:  Yes.
13                THE COURT:  And have you had a chance to review it?
14                THE DEFENDANT:  Yes, I have.
15                THE COURT:  And have you announced your appearance?
16                MR. RYNGAERT:  Yes, Your Honor.  Andy Ryngaert.
17   Ms. Matthews did it, so my apologies.
18                THE COURT:  Oh, sorry.  Okay.  And, Ms. Matthews,
19   you're making your appearance.  You're retained counsel,
20   correct?
21                MS. MATTHEWS:  Correct, Your Honor.
22                THE COURT:  All right.  This is a criminal complaint
23   out of the Northern District of Illinois, the Eastern Division,
24   alleging you have violated Title 18, U.S. Code, Section 666 and
25   Section 2, which is the aiding and abetting statute.  And the
```

1   allegation is that you have embezzled, stolen, or obtained by
2   fraud or converted to the use of any person other than the
3   rightful owner property that was valued at $5,000 or more and
4   owned by a federally funded program.  And there's also a very
5   lengthy affidavit attached to the criminal complaint, which
6   discusses in great detail the allegations of the embezzlement
7   and the amounts.  I believe the total amount is alleged to be
8   $486,540.28.
9          Have you had an opportunity to look at the affidavit
10  in support of the criminal complaint?
11         THE DEFENDANT:  Yes.
12         THE COURT:  Do you understand the allegations that
13  are made in the affidavit in support of the criminal complaint?
14         THE DEFENDANT:  I do.
15         THE COURT:  And do you understand the charges that --
16  the charge that has been brought against you in the criminal
17  complaint?
18         THE DEFENDANT:  Yes.
19         THE COURT:  All right.  What is the maximum statutory
20  penalty for the violation of 18, U.S. Code, Section 666?
21         MS. FULLER:  It's up to 10 years imprisonment, a
22  $250,000 fine, 3 years supervised release, and a $100 special
23  assessment fee.
24         THE COURT:  All right. Do you understand the --
25  that's the maximum statutory penalty.  Do you understand that?

1              THE DEFENDANT:  Mm-hmm.  Yes.

2              THE COURT:  I need you to answer out loud.  All

3   right.  Okay.  You have the right to remain silent with respect

4   to these allegations.  You never have to talk to law

5   enforcement or anyone else about them.  You should only speak

6   to your attorney about the allegations because anything you say

7   to someone else can be used against you in the case.  Do you

8   understand the right to remain silent?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And you have the right to counsel at all

11  times and stages of the proceeding.  You have retained counsel,

12  who's entered an appearance here on your behalf.  And I just

13  need to know that you understand that if you can no longer

14  afford retained counsel, you have the right to request

15  court-appointed counsel; and if you qualify for court-appointed

16  counsel, you will receive court-appointed counsel.

17             THE DEFENDANT:  Yes.

18             THE COURT:  All right.  Under Rule 5(f), counsel for

19  the United States is ordered to comply with its disclosure

20  obligations under <u>Brady v. Maryland</u> and its progeny.  The

21  failure to do so may result in the dismissal of charges,

22  exclusion of evidence, adverse jury instructions, contempt

23  proceedings, and sanctions.

24             All right.  You are entitled to some hearings here in

25  this district.  First of all, you're charged out of the

1  Northern District of Illinois.  You're currently in the
2  Southern District of Texas.  You're entitled to something
3  called an identity hearing, at which the United States would
4  have to show that you are the person charged in the criminal
5  complaint.  Because you're charged by complaint and not by an
6  incident, you have the right to a preliminary hearing at which
7  the Government would have to show probable cause to support the
8  charge in the complaint.
9        And then does the Government have any motions with
10 respect to the issue of detention?
11       MS. FULLER:  Yes, Your Honor.  I've spoken with the
12 AUSA in the Northern District of Illinois, and they are seeking
13 detention based off of f(2), serious flight risk.
14       THE COURT:  All right.  So the United States is
15 moving to detain you or hold you in custody based on serious
16 risk of flight.  You're entitled to a detention hearing.  So
17 the identity hearing, you can only have in this district.  The
18 preliminary and detention hearing, you can either have in this
19 district, or you can reserve to the Northern District of
20 Illinois when you appear in that district on these charges.
21       MS. MATTHEWS:  Your Honor, we would waive the
22 identity hearing, but we'd request a detention hearing here in
23 this district.  And I'm going to make a somewhat unusual
24 request, Your Honor, and request that we have the detention
25 hearing today, if possible.  And if you would indulge me for a

1 minute, I just want to explain some of the background here,
2 which is why I'm requesting the detention hearing today.
3 So this matter relates to an investigation that's
4 been ongoing since at least 2021, perhaps as far back as 2020.
5 I have been in regular contact with the AUSA in Chicago. She's
6 actually a former colleague of mine who I know well. And
7 Dr. Bergdahl was well aware that she was under investigation by
8 the U.S. Attorney's Office. This was not anything that was a
9 surprise in any way, shape, or form.
10 Dr. Bergdahl is currently employed. As part of her
11 employment, she travels internationally and has repeatedly
12 during the pendency of this investigation. She's been to
13 London. She's been to Dubai. And that's not unusual, and
14 she's done so as recently as December of 2023, traveled abroad.
15 She also traveled to Dubai last summer, all for work.
16 For reasons unknown to me, when Dr. Bergdahl
17 attempted to board a plane yesterday to Dubai, she was
18 arrested. At the time of her arrest, there was no complaint.
19 There was no arrest warrant. The Government felt, for reasons
20 unbeknownst to me, that she was fleeing the jurisdiction, which
21 she was not, and obviously, she has no charges. She had no
22 restrictions on her at that time that she boarded the plane and
23 was well within her right to leave the jurisdiction. The
24 complaint was only filed, you know, once they had taken her
25 into custody.

1            Dr. Bergdahl, though -- and I can present the Court,
2   obviously, during the hearing if -- whenever that is, but
3   Dr. Bergdahl has reservations that show where she was staying
4   for her hotel, both in Dubai, and there was going to be travel
5   to London.  There's documentation of prior trips that she had
6   taken.
7            And, like I said, there were no pending charges, and
8   so this circumstance is a little unusual to me that she was
9   arrested because there was this fear of her fleeing.  And I
10  think, in this circumstance, it would be unfair to keep her in
11  custody for the next, you know, three to four days in light of
12  the fact that we have proof that she was traveling for business
13  purposes and was coming back.  And prior to getting on that
14  flight, there were no charges.
15           THE COURT:  I understand your request.  However, it's
16  2:30 on a Friday.  And you're certainly entitled to the
17  detention hearing within three days.  Monday -- I'm happy to do
18  it on Monday, but we're just not set up to -- we do all of our
19  detention hearings at 10 a.m. in the morning docket.  We have
20  the afternoon docket for the rest.  I mean, she's not going to
21  be getting on a plane today, so Monday morning at 10 a.m. is
22  about the best that I can do.
23           MS. MATTHEWS:  Okay.  I --
24           THE COURT:  And I will set it for Monday morning at
25  10 a.m.   Yes?

1                MS. FULLER:  You know, our only request is we do have
2    three days to prepare.  We're going to have to have an agent
3    come down from Chicago.  We're requesting that it be on Tuesday
4    at the earliest.  Because of the fact that this is an
5    investigation that is taking place out of the Northern District
6    of Illinois, we need to have this agent come down and have
7    adequate time to prep with them.
8                Additionally, I was told by the AUSA in Chicago that
9    she's had conversations with the defense counsel, and they have
10   told her that they were going to provide some documentation to
11   them that they wanted to have a chance to verify, and that they
12   were talking about potentially putting up property as
13   collateral on a bond.  And if that were the case, they would
14   obviously need time to research that property and ensure that
15   it was adequate collateral.  I am the middle person in all of
16   this, so I am -- I'm relaying to the Court that it sounds like
17   the AUSA is trying to work with defense counsel.  I understand
18   their position that they want to have this bond hearing
19   quickly, but my concern is that I have enough time to prepare
20   for it and that we don't delay proceedings further because
21   we're trying to verify documents provided by the defense
22   counsel.
23               THE COURT:  Well, the verification of documents would
24   be for an agreed bond, correct?
25               MS. FULLER:  I believe that's what the collateral of

```
 1  property was supposed to be about.  I don't know what the other
 2  documentation was that they have discussed, but, yes, I do
 3  believe that it all goes back to whether or not --
 4              THE COURT:  Well --
 5              MS. FULLER:  -- they would agree to a bond.
 6              THE COURT:  Where is Dr. Bergdahl employed?
 7              MS. MATTHEWS:  Well, she lives in Houston.
 8              THE COURT:  What is her job?  What --
 9              MS. MATTHEWS:  Oh.
10              THE DEFENDANT:  I'm the CFO of Anosh, Inc.
11              THE COURT:  Of what?
12              THE DEFENDANT:  Anosh, Inc., a capital investment
13  firm.
14              THE COURT:  Here's what I'm going to do:  I'm going
15  to set it for Monday morning.  If -- there are two ways to
16  handle it.  I mean, the AUSA or the agent who's going to come
17  testify can get here by Monday -- today's Friday -- can get
18  here by Monday.
19              I can set it for eleven o'clock on Monday, but if you
20  don't want to have to bring an agent, you can agree to let the
21  agent testify by phone or something else.  I don't really
22  recommend that.  I don't -- I prefer we not do that.
23              But, I mean, you've got two days to prepare.  If this
24  were -- you know, if this were Wednesday, Friday would be
25  plenty of time.  So it may ruin someone's weekend, but I'm
```

```
 1  going to set it for Monday morning.  I'll set it for Monday at
 2  11.
 3            All right.  I don't think that there's really
 4  anything else that can happen now.  She can't be arraigned
 5  because she's not indicted.  We've got a hearing set.  Are you
 6  having detention and preliminary hearing?
 7            MS. MATTHEWS:  Yes, Your Honor.
 8            THE COURT:  All right.  All right.  Anything else?
 9            MS. MATTHEWS:  No, Your Honor.
10            THE COURT:  All right.  You're excused.
11            MS. MATTHEWS:  Thank you.
12            THE COURT:  Thank you.
13       (Proceedings concluded at 2:25 p.m.)
14                          * * * * *
15                      **C E R T I F I C A T I O N**
16
17       I, Alicia Jarrett, court-approved transcriber, hereby
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter.
21
22       [signature: Alicia J. Jarrett]
23  _____
24  ALICIA JARRETT, AAERT NO. 428     DATE: July 22, 2024
25  ACCESS TRANSCRIPTS, LLC
```