# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF TEXAS (HOUSTON)

UNITED STATES OF AMERICA,       .  Case No. 4:24-mj-00212
                                .
            Plaintiff,          .
                                .
     v.                         .
                                .
HEATHER BERGDAHL,               .  515 Rusk Street
                                .  Houston, TX 77002
            Defendant.          .
                                .  Monday, May 13, 2024
. . . . . . . . . . . . . . . . .  10:46 a.m.

        TRANSCRIPT OF PRELIMINARY EXAM AND DETENTION HEARING
              BEFORE THE HONORABLE CHRISTINA A. BRYAN
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        United States Attorney's Office
                          By:  SHERIN SUSAN DANIEL, ESQ.
                          1000 Louisiana Street, Suite 2300
                          Houston, TX 77002
                          (713) 567-9000

                          United States Attorney's Office
                          By:  KELLY GUZMAN, ESQ.
                          219 South Dearborn Street, Floor 5
                          Chicago, IL 60604-2029

For the Defendant:        Jones Day
                          By:  JORDAN M. MATTHEWS, ESQ.
                          110 North Wacker Drive, Suite 4800
                          Chicago, IL 60606
                          (312) 782-3939

Audio Operator:           Aaron Jackson, ECR

Transcription Company:    Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46048
                          (855) 873-2223
                          www.accesstranscripts.com


     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

```
 1            (Proceedings commence at 10:46 a.m.)
 2            THE COURT:  Is the hearing for Ms. Bergdahl going
 3   forward?
 4            MS. MATTHEWS:  No, Your Honor.  I think we've come to
 5   an agreement with the Government with regard to conditions on
 6   bond, and we also agreed to have the preliminary hearing in
 7   Chicago.
 8            THE COURT:  Okay.  So let's -- we'll bring
 9   Ms. Bergdahl up, then.
10            MS. GUZMAN:  Judge, we are just waiting for the
11   Pretrial Service report, which I think would contain the order
12   with the bond conditions.  I don't know if you think the Court
13   needs that.
14            THE COURT:  I received a Pretrial Services report
15   last week, I thought.  Ms. Morgan can probably print it for you
16   if you don't have it yet.
17            Ms. Matthews, there is a form there for a waiver of
18   the preliminary hearing in this district -- identity and
19   preliminary in this district and reservation of preliminary
20   hearing in the charging district.  So if you -- do you see that
21   there?
22            MS. MATTHEWS:  Yes.
23            THE COURT:  If you'll have Ms. Bergdahl execute that,
24   then we'll get it on the record.
25            MS. MATTHEWS:  Your Honor, all I see is the waiver
```

1 with respect to a charge in this district. Am I missing the
2 form?
3         MS. MORGAN: Oh, that's the one.
4         THE COURT: This one? Thank you. I apologize.
5    (Pause)
6         THE COURT: Does Pretrial have any update to this, to
7 the report that I received on Friday?
8         MS. DELGADO: No, Your Honor.
9         THE COURT: No contacts? No verification of
10 information?
11         MS. DELGADO: No, Your Honor.
12         THE COURT: Do we know if her passport was seized at
13 the time of her arrest?
14         MS. MATTHEWS: It was, Your Honor.
15         THE COURT: Okay.
16         MS. GUZMAN: Yes, Your Honor.
17         THE COURT: All right. Thank you. All right. Do we
18 have everyone present for United States v. Heather Bergdahl?
19         MS. GUZMAN: Yes, Your Honor.
20         THE COURT: All right. We were on the docket today
21 for a detention and preliminary hearing. I've heard from
22 counsel for the defendant that the defendant is agreeing to
23 waive her preliminary hearing in this district and reserve that
24 hearing for the charging district, which is the Northern
25 District of Illinois. And the defendant is also waiving her

1  right to an identity hearing here in this district.
2          And with respect to the scheduled detention hearing,
3  the United States and the defendant have informed me that there
4  is an agreement on conditions of release.  Is that correct?
5          MS. GUZMAN:  Yes, Your Honor.
6          THE COURT:  Okay.  And let me have everyone announce
7  their appearances for the record.
8          MS. GUZMAN:  Kelly Guzman on behalf of the United
9  States.
10         MS. DANIELS:  Sherin Daniels on behalf of the United
11 States.
12         MS. MATTHEWS:  Jordan Matthews on behalf of
13 Dr. Bergdahl.
14         THE COURT:  Thank you.
15         And, Dr. Bergdahl, you are present also.  All right.
16 And you agree, Ms. -- Dr. Bergdahl, this is your signature on
17 the waiver form and that you discussed your right to an
18 identity and preliminary hearing.  I informed you of that when
19 you appeared last week.  And you've waiving the identity
20 hearing and -- completely, and you're reserving your right to a
21 preliminary hearing for the charging district.  Is that
22 correct?
23         THE DEFENDANT:  Yes.
24         THE COURT:  All right.  All right.  I will release
25 Dr. Bergdahl on conditions of release.  Does the United States

```
 1  want to make any -- what are the agreed conditions, if they are
 2  different from those that appear in the Pretrial Services
 3  report?
 4          MS. GUZMAN:  They are different, Your Honor.  The
 5  agreed proposed conditions are yes to pretrial supervision,
 6  naming Ms. Bergdahl's father as a third-party custodian and
 7  Ms. Bergdahl to reside with her father; and a condition that
 8  the defendant not have any contact with Anosh Ahmed, who is
 9  co-conspirator, Individual A in the complaint; as well as a
10  bond of $486,540 secured by the parents' residence at ▮▮▮▮
11  ▮▮▮▮▮▮▮▮▮▮.
12          THE COURT:  Marina Drive?
13          MS. GUZMAN:  Yes.
14          THE COURT:  In -- is that in Houston?
15          MS. MATTHEWS:  Montgomery, Your Honor.
16          MS. GUZMAN:  Yes.
17          THE COURT:  All right.
18          MS. GUZMAN:  And then -- I'm sorry, Judge.  One
19  additional condition is that there is a homestead waiver that's
20  required in order to meet make that security effective, and so
21  we would just ask the Court to give Defendant seven days to
22  file that and whatever necessary paperwork with the Court.
23          THE COURT:  All right.  These are agreed terms?
24          MS. MATTHEWS:  Correct, Your Honor.  The one thing I
25  just would like to put on the record -- as Your Honor knows,
```

1  Dr. Bergdahl currently works for Anosh Ahmed, and so she's
2  going to need to -- this is effectively going to require her to
3  quit her job, and so she's going to need to untangle herself
4  from the business of that. And so she will be in contact, to
5  be clear, with employees of his company in order to facilitate
6  the transfer of bank accounts and that sort of thing to the
7  relevant persons.
8          THE COURT: Is this agreed by the United States?
9          MS. GUZMAN: That's understood, Your Honor.
10         THE COURT: All right. And travel restricted to the
11 continental United States is agreed upon?
12         MS. GUZMAN: Yes.
13         THE COURT: All right. All right. Dr. Bergdahl, I'm
14 going to release you on the following conditions that have been
15 agreed to by the United States and your counsel: You will be
16 supervised by Pretrial Services here in the Southern District
17 of Texas. You will have to appear for all of your court
18 appearances in the Northern District of Illinois. You cannot
19 commit any federal, state, or local offense while on conditions
20 of release. You have to appear for all those court
21 appearances, and if you fail to do so, your bond can be
22 revoked.
23         If you are convicted on these charges that are
24 currently contained in a criminal complaint, and if they are
25 converted into an indictment, you will have to surrender to

```
 1  serve the sentence that is imposed; and the failure to do so is
 2  a violation of the bond conditions.  Understood?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  All right.  Do we have the third-party
 5  custodian here in the courtroom?
 6              MS. MATTHEWS:  Yes, Your Honor.
 7              THE COURT:  Okay.  I need to have him come forward.
 8              You're going to be supervised by Pretrial Services.
 9  Your father is your third-party custodian.  That means he is in
10  charge of you.
11              And, sir, do you understand that by being a
12  third-party custodian, you're responsible for informing either
13  her supervising officer or the Court if she fails to comply
14  with the conditions of release?
15              MR. BERGDAHL:  Yes.
16              THE COURT:  All right.  And you understand that your
17  home is being used as security for the bond, and if the bond is
18  forfeited, meaning if Dr. Bergdahl does not comply with the
19  conditions, your home can be seized as a result of a bond
20  forfeiture?
21              MR. BERGDAHL:  Yes.
22              THE COURT:  All right.  And you understand that you
23  will have to complete waivers of your homestead exception in
24  order for the security to be effective, meaning you're waiving
25  your right to protect your home as your homestead, and you're
```

```
 1  placing it up as security or collateral for your daughter's
 2  bond?
 3          MR. BERGDAHL:  Yes.
 4          THE COURT:  You understand all of that?
 5          MR. BERGDAHL:  (No audible response).
 6          THE COURT:  All right.  And do you understand your
 7  daughter's required to live with you at your home at ▮▮▮▮
 8  ▮▮▮▮▮▮▮▮ --
 9          MR. BERGDAHL:  Correct.
10          THE COURT:  -- while she's on pretrial release?
11          MR. BERGDAHL:  Yes.
12          THE COURT:  Okay.  All right.  Do you have any
13  questions for me, sir?
14          MR. BERGDAHL:  No.
15          THE COURT:  Okay.  You'll have to remain in the
16  courtroom.  You'll have to fill out all the paperwork for
17  third-party custodian.
18          MR. BERGDAHL:  Okay.
19          THE COURT:  Okay.  You can go sit back down.  Thank
20  you.
21          All right.  Is it -- Mr. Bergdahl is dad?
22          MS. MATTHEWS:  Correct.
23          THE COURT:  Mr. Bergdahl will be third-party
24  custodian.  The defendant can have no contact with Anosh Ahmed;
25  however, she will be allowed to have contact with employees of
```

1  that entity in order to turn over her job responsibilities.
2          The -- her bond -- your bond is $486,000. It will be
3  secured by your parents' home. I believe you understand the
4  position that your dad is in as a third-party custodian and the
5  position that your parents are in by placing their home as
6  security for your bond.
7          THE DEFENDANT: Yes, I do.
8          THE COURT: All right. Your travel is limited to the
9  continental United States. You may not obtain any new
10 passport. And I understand that your passport was seized when
11 you were arrested, correct?
12         THE DEFENDANT: Yes.
13         THE COURT: All right. Those are the conditions. I
14 think I've already said you cannot violate any federal, state,
15 or local law while on conditions of release. You must remain
16 living at the ■■■■■■■■■■. You'll have to report to
17 Pretrial Services.
18         You must appear for all of the court appearances in
19 the Northern District of Illinois. The failure to do so is a
20 violation of your bond. And if convicted, will have to
21 surrender to serve a sentence, and the failure to do so is a
22 violation of your bond.
23         And again, bond forfeitures will result in -- or can
24 result in the Government filing for bond forfeiture and
25 ultimately seizing the home at 15109 Marina Drive which secures

1 your bond.

2 All right. There are other conditions for failing to
3 comply with conditions of release. If you violate, you can be
4 arrested. Your pretrial release can be revoked, and you can be
5 detained until your case is terminated. You can be prosecuted
6 for contempt of court, imprisoned, or fined. And I've
7 mentioned the bond forfeiture several times, and I believe you
8 understand that.

9 It's a crime punishable by 10 years in prison and a
10 fine of up to $250,000, or both, to attempt to influence or
11 tamper with a witness, informant, or victim. That's why it's
12 very important you have no contact with Anosh Ahmed or any
13 other codefendant or witness.

14 If you commit a crime while on conditions of release,
15 the punishment can be more severe than it would be if you
16 committed the same crime while not on conditions of release,
17 including if you commit a federal felony while on conditions of
18 release. You can receive an additional term of imprisonment of
19 up to 10 years, a fine of up to $250,000 or both, and the
20 additional prison sentence does not begin to run until after
21 any underlying sentence has run.

22 The same is true for the charge of attempting to
23 influence or tamper with a witness or victim. The additional
24 prison sentence does not begin to run until after the
25 underlying sentence is served.

```
 1                  If you fail to appear in court when required or if
 2   you fail to surrender to serve your sentence, you can receive
 3   an additional prison sentence, again, up to 10 years in prison.
 4   That does not begin to run until after the underlying sentence.
 5                  If you are found not guilty on these charges, the
 6   bond will be released, and the bond security interest that your
 7   parents are securing the bond with will be released.  And if
 8   you are convicted on these charges and you surrender to serve
 9   your sentence, the bond will be released.  Understood?
10            THE DEFENDANT:  Yes.
11            THE COURT:  All right.  Is there anything else?  Do
12   we have a court date for her in the Northern District?
13            MS. MORGAN:  Not yet.
14            THE COURT:  Okay.  Any questions?
15            MS. MATTHEWS:  No, Your Honor.  Thank you.
16            THE COURT:  Okay.  So you'll remain here.  You'll
17   fill out the bond paperwork here.  You will be released from --
18   does she have to go back to the FDC or can she be released from
19   here?
20            THE MARSHAL:  Yes, Your Honor.
21            THE COURT:  She'll go back to the FDC?
22            THE MARSHAL:  Yes.  She's got to get processed out.
23            MS. MATTHEWS:  Around what time do you think she'll
24   be out?
25            THE MARSHAL:  Probably about 4 or 4:30.
```

12

```
 1          THE COURT:  So you'll fill out all the bond
 2  paperwork.  Your father has to fill out the third-party
 3  custodian paperwork.  And I will order that the documents for
 4  the availability of the home as a -- as security for the bond
 5  can be submitted to the Court within seven days.
 6          MS. MATTHEWS:  Thank you, Your Honor.
 7          THE COURT:  Anything else that we need to cover?
 8          MS. GUZMAN:  Not from the Government.
 9          MS. MATTHEWS:  No, Your Honor.  Thank you.
10          THE COURT:  All right.  You're excused.  Thank you.
11     (Proceedings concluded at 11:02 a.m.)
12                          * * * * *
13
14                    **C E R T I F I C A T I O N**
15
16     I, Alicia Jarrett, court-approved transcriber, hereby
17  certify that the foregoing is a correct transcript from the
18  official electronic sound recording of the proceedings in the
19  above-entitled matter.
20
21
22     *[signature: Alicia J. Jarrett]*
23  _____
24  ALICIA JARRETT, AAERT NO. 428     DATE: July 22, 2024
25  ACCESS TRANSCRIPTS, LLC
```